*Curia, per
Nott, J.
I think it is a very well settled rule in equity, that where a trustee has, in good faith, made advances out of his own funds for the benefit of the trust estate, lie is entitled to remuneration out of that estate, 6 Johns. Cha. Rep. 62, 67. The same rule applies to administrators and executors, and all other persons standing in the same relation. Plow. 186. In Dyer there is a case where it was held that an executor, -who had disposed of his own money in alms for the salvation of the testator’s soul, might retain the assets of the estate to that amount. 2 Dyer, 187. 3 Johns. Cha. Rep. 318.
Now, what reason can be given why this complainant should not have the benefit of that rule? it is said, that the property might have been sold according to the provisions of the will, if she had not prevented ; and that as the rule was omitted at her request, and for her accommodation, she must be bound by her contract: that she has had the use of the property, which would have been applied to that purpose, until it is consumed, or has perished, and comes now to be remunerated out of the valuable part of the estate, which was intended to be reserved for the remainder-man. If she had wasted the property, she certainly would come with a very bad grace into court with the present demand. But no such evidence is offered to the court; nor do the circumstances of the case warrant any such suspicion. It appears from the decree of the chancellor, that the whole amount of the personal estate which came into the hands of the executrix, except the outstanding debts, was $3,824, including the value of the slaves, which amounted to $3,300; so that the whole amount of property, exclusive of the slaves, was in value only $524, out of the sales of which it appears from the commissioner’s report, $373 were raised; leaving in her hands a balance of $151. The whole amount of funds which *384 came into her hands was $1,617. The amount of debts which appear to have *been due at that time, was §1,671, leaving- for her to pay, in pursuance of her contract, fifty-four dollars. The property which she reserved amounted in value only to $150. Now that was a very small sum to allow her for provisions, household furniture, and such articles as were immediately necessary for her convenience and support. Yet that small pittance must have been taken from her, or the more valuable property be broken in upon. It seems to be supposed that this little property reserved by the complainant should be considered as the fund set apart by the testator, under the name of “surplus property,” for the purpose of paying his debts. But it cannot be believed that he meant, by his surplus property, those articles which were necessary for the subsistence of the first object of his bounty. It appears, however, that even this must have been sold, or other property sacrificed, if she had not stopped the sale. And the convenience which she secured to herself thereby, may, perhaps, be considered as a sufficient consideration for the payment of the small sum (say fifty-four dollars) over and above the funds otherwise provided for the payment of the debts which then appeared to be owing by the estate. Now suppose her liable to pay that, she will then have left, exclusive of the slaves, property to the amount of §100 only; out of which, it is contended, she ought to have paid a debt of more than $800, and not to have a bed left to sleep on, in order that the ne-groes may be left for those in remainder: and even that §100 and more were raised by the sale of a horse, at an advanced price, which had been bid in, at the sale.
But the fact is, the debt for the payment of which she now seeks remuneration, was nota subsisting debt at that time, and could not have been in contemplation of any of the parties when this engagement was made. It was a decree obtained against the estate three years afterwards. I think therefore that the complainant is *entitled to an indemnity for that debt out of the estate : but I do not think she" is entitled to interest. She had the use of the property, which ought to be considered equivalent to the interest. If it were not so, she might have stopped the interest by an earlier sale of the property. The decree is reversed.
It is therefore ordered and decreed that so much of the estate of the said Richard Watts be sold as shall be sufficient to reimburse the complainant the sum of $804 53 cents, and the costs of this suit; to be sold in such manner and upon such terms as the chancellor shall direct, and that the costs be paid out of the funds of the estate.

Decree reversed.